IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFFANY NEAFCY<br><br>                **Plaintiff,**<br><br>    **v.**<br><br>COMMISSIONER OF SOCIAL SECURITY<br><br>                **Defendant.** | CIVIL ACTION NO. 21-3839 |

**ORDER**

Plaintiff Tiffany Neafcy seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[1] Magistrate Judge Craig M. Straw has issued a report and recommendation ("R&R") that Plaintiff's request for review be denied, and judgment be entered for the Commissioner.[2] No party has filed objections to the R&R. For the reasons discussed below, the R&R will be approved and adopted in its entirety.

    **I.**      **STANDARD OF REVIEW**

Where no objections are made to an R&R, the district court should "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[3] The ALJ's findings of fact are conclusive as long as they are "supported by substantial evidence."[4]

---

[1] Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

[2] R&R [Doc. No. 17].

[3] Fed. R. Civ. P. 72(b), advisory committee notes; *see Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every R&R)).

[4] 42 U.S.C. § 405(g).

Substantial evidence "does not mean a large or considerable amount of evidence,"[5] but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[6] Substantial evidence is something "more than a mere scintilla but may be somewhat less than a preponderance of the evidence."[7] "In determining whether there is substantial evidence to support" the decision of an administrative law judge ("ALJ"), "[courts] owe deference to [the ALJ's] evaluation of the evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions."[8] Importantly, a court may not set aside a decision that is supported by substantial evidence, even where the court "would have decided the factual inquiry differently."[9]

## II.     BACKGROUND

Plaintiff applied for DIB on June 17, 2016, alleging disability based on purported physical and mental impairments. After the claim was denied, Plaintiff requested a hearing. ALJ Jennifer Spector held a hearing on August 29, 2018 at which Plaintiff was represented by counsel. On December 3, 2018, the ALJ issued a written decision denying Plaintiff's application. Plaintiff appealed the ALJ's decision to the Appeals Council, which granted Plaintiff's request and remanded the case to the same ALJ to further evaluate Plaintiff's medically determinable and mental impairments. The Appeals Council directed that the ALJ "[g]ive further consideration to [Plaintiff's] maximum residual functional capacity during the entire period at

---

[5] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[6] *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

[7] *Id.* (same).

[8] *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009).

[9] *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)).

issue[,] provide rationale with specific references to evidence of record in support of assessed limitations[,]" "further evaluate the non-treating, non-examining and nonmedical source opinions[,] . . . and explain the weight given to such opinion evidence."[10]

On remand, the ALJ evaluated the evidence of record and held a second hearing at which Plaintiff was again represented by counsel. In a written decision dated November 3, 2020, the ALJ determined that Plaintiff was not disabled and thus not entitled to DIB.

The ALJ found that Plaintiff suffers from Ehlers-Danlos syndrome, degenerative joint disease of the hips and knees, obesity, depressive disorder, anxiety disorder, compression fracture at L4, degenerative disc disease of the cervical spine, scoliosis, and peripheral neuropathy. Notwithstanding these severe impairments, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with numerous limitations. The ALJ concluded that Plaintiff "can never push/pull with lower extremities[,] . . . can never kneel, crawl, or climb ladders, ropes, or scaffolds, but can occasionally perform all other postural maneuvers[,] . . . can have no exposure to hazards such as unprotected heights or dangerous machinery[,]" and "must avoid concentrated exposure to humidity, wetness, or extreme temperature."[11] Additionally, the ALJ determined that Plaintiff "can perform routine and repetitive tasks, limited to occupations which are typically self-paced, with no rapid production rate work and no tandem or team[]work with coworkers on the same task, in occupations where the work setting and the tasks assigned are typically very similar from day to day."[12]

---

[10] App. Docs. Related to Admin. Process [Doc. No. 10-2] at ECF page 13.

[11] App. Docs. Related to Admin. Process [Doc. No. 10-2] at ECF page 19.

[12] App. Docs. Related to Admin. Process [Doc. No. 10-2] at ECF page 19.

On January 6, 2021, Plaintiff requested review of the ALJ's decision. The Appeals Council denied Plaintiff's request, and Plaintiff filed this action in federal court.

## III.     DISCUSSION

In support of her request for review, Plaintiff argues the following: (1) the ALJ's mental RFC assessment is not supported by substantial evidence; (2) the ALJ made multiple errors in evaluating Plaintiff's symptoms; and (3) the ALJ's decision is constitutionally defective.

As explained in the R&R, there is substantial evidence supporting the ALJ's decision regarding Plaintiff's mental RFC and symptoms. The ALJ appropriately relied on Plaintiff's own testimony and statement of activities in forming the RFC assessment, and fully considered the evidence of record demonstrating overall normal status examinations and conservative mental health treatment. Further, the Court agrees with Magistrate Judge Straw that the ALJ properly evaluated the medical opinions of (1) Amy L. Campos, M.S. (Plaintiff's therapist); (2) Dawn Long, Psy.D. (the state agency consultant who reviewed Plaintiff's medical records); and (3) Gregory Coleman, Psy.D. (the consultative examiner who provided a medical source statement in connection with Plaintiff's application). While the ALJ afforded these opinions "little weight,"[13] she did not, as Plaintiff suggests, summarily "reject" them.[14]

With respect to Dr. Long, the ALJ found that "Dr. Long conducted a records review only, and therefore did not have the opportunity to evaluate [Plaintiff] in person . . . [and] did not have access to more recent records received at the hearing level."[15] As to Dr. Coleman, the ALJ

---

[13] App. Docs. Related to Admin. Process [Doc. No. 10-2] at ECF pages 25, 26.

[14] Pl.'s Request for Relief [Doc. No. 12] at 4.

[15] App. Docs. Related to Admin. Process [Doc. No. 10-2] at ECF page 25.

explained that "Dr. Coleman based his assessment on a one-time encounter with [Plaintiff], with limited opportunity for meaningful record review."[16] Finally, regarding Campos, the ALJ concluded that "there is nothing in the record consistent with [the] degree of limitations" that Campos provided, and that Campos failed to supplement her statement with any treatment records.[17] The Court therefore finds that the ALJ properly considered the relevant medical evidence and sufficiently explained "the reason[s] why the probative evidence ha[d] been rejected."[18]

Similarly, while the ALJ gave little weight to the third-party statements of Plaintiff's mother and pastor, she specifically articulated that neither individual "[was] medically trained to make exacting observations as to the date, frequency, and degree of medical signs and symptoms, or the frequency or intensity of unusual moods or mannerisms."[19] Indeed, an ALJ need not "discuss in [her] opinion every tidbit of evidence included in the record,"[20] but must only provide "some indication of the evidence which [s]he rejects and [her] reason(s) for discounting such evidence."[21] Because the ALJ adequately explained her assessments after reviewing all relevant evidence of record, the Court finds her analyses appropriate and her ultimate determinations supported by substantial evidence.

As for Plaintiff's constitutional claim, Plaintiff argues that the statutory provision governing the Commissioner's removal, 42 U.S.C. § 902(a)(3), violates the separation of powers

---

[16] App. Docs. Related to Admin. Process [Doc. No. 10-2] at ECF page 26.

[17] App. Docs. Related to Admin. Process [Doc. No. 10-2] at ECF page 26.

[18] *Cotter v. Harris*, 642 F.2d 700, 706-707 (3d Cir. 1981).

[19] App. Docs. Related to Admin. Process [Doc. No. 10-2] at ECF page 27.

[20] *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004).

[21] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000).

and thus renders the ALJ's decision "constitutionally defective."[22] The Commissioner agrees that § 902(a)(3) violates the separation of powers "to the extent [that] it is construed as limiting the President's authority to remove the Commissioner without cause."[23] However, as the Supreme Court held in *Collins v. Yellen*,[24] an unconstitutional statutory removal restriction does not automatically warrant relief on this basis.[25] Instead, the plaintiff must allege that the unconstitutional provision "inflict[ed] compensable harm."[26] Numerous courts in this Circuit have interpreted *Collins* to require a "nexus between the unconstitutional removal restriction and the denial of [the plaintiff's] application for disability benefits."[27] In this case, Plaintiff has failed to provide any link between the alleged unconstitutional removal provision and the ALJ's decision denying benefits.[28] Accordingly, as determined in the R&R, Plaintiff's constitutional

---

[22] Pl.'s Request for Relief [Doc. No. 12] at 7.

[23] Def.'s Resp. [Doc. No. 13] at 4. The Supreme Court has determined that an executive agency's removal structure will violate the separation of powers where the agency is led by a single director who (1) serves a longer term than the president and (2) may be removed only for cause. *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2201, 2204. (2020). The removal provision at issue here provides that the Commissioner—who is the single head of the Social Security Administration and serves for a six-year term—can be removed by the President only for "neglect of duty or malfeasance." 42 U.S.C. § 902(a)(3). Accordingly, under *Seila Law LLC*, this removal structure appears to violate the separation of powers and may "[be] enough to render the agency's structure unconstitutional." *Seila L. LLC*, 140 S. Ct. at 2204.

[24] 141 S. Ct. 1761 (2021).

[25] *See id.* at 1788.

[26] *Id.* at 1789.

[27] *Stamm v. Kijakazi*, 577 F. Supp. 3d 358, 367 (M.D. Pa. 2021) (quoting *Boger v. Kijakazi*, No. 20-331, 2021 WL 5023141, at *3 (W.D.N.C. Oct. 28, 2021)); *see, e.g.*, *Andino v. Kijakazi*, No. 21-2852, 2022 WL 1135010, at *6 (E.D. Pa. Apr. 18, 2022) (citing *Adams v. Kijakazi*, No. 20-3591, 2022 WL 767806 at *9-11 (E.D. Pa. Mar. 14, 2022)); *Wicker v. Kijakazi*, No. 20-4771, 2022 WL 267896 at *8-10 (E.D. Pa. Jan. 28, 2022); *Crossley v. Kijakazi*, No. 20-2298, 2021 WL 6197783, at *7 (M.D. Pa. Dec. 31, 2021) (citations omitted).

[28] Plaintiff's Reply Brief asserts that but for this removal provision, President Biden would have removed from office former Commissioner Andrew Saul, and therefore "Mr. Saul's appointment as Commissioner was unconstitutional and his authority, and authority delegated [to the ALJ] was unconstitutional." Pl.'s Reply [Doc. No. 14] at 2-4. However, the mere "possibility" that President Biden would have sought to remove former Commissioner Saul "does not adequately demonstrate [the requisite] compensable harm." *Candusso v. Kijakazi*, No. 21-437, 2022 WL 3447306, at *5 (W.D. Pa. Aug. 17, 2022) (citations omitted) ("[T]here is no evidence that Commissioner Saul influenced the Appeals Council's denial of Plaintiff's request for review. That is, the Court has

challenge does not independently warrant reversal of the ALJ's decision. The Court finds that the ALJ's decision is fully supported by the substantial evidence in the record.

**AND NOW,** this 29th day of March 2023, upon careful and independent consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review [Doc. No. 12], Defendant's Response [Doc. No. 13], Plaintiff's Reply [Doc. No. 14], the Administrative Record [Doc. Nos. 10, 11], and the R&R of United States Magistrate Judge Craig M. Straw [Doc. No. 17], to which no objections were filed,  it is hereby **ORDERED** as follows:

1. The Court finds the R&R to be thorough, well-supported, and correct, and it therefore **APPROVES** and **ADOPTS** the R&R [Doc. No. 17] in its entirety.

2. Plaintiff's Request for Relief [Doc. No. 12] is **DENIED**.

3. Judgment is entered in favor of Defendant.

It is so **ORDERED.**

                 **BY THE COURT:**

                 /s/ Cynthia M. Rufe
                 ────────────────────
                 **CYNTHIA M. RUFE, J.**

---

no reason to believe that Commissioner Saul used authority he only continued to possess due to the unconstitutional removal-restriction provision to affect the outcome of Plaintiff's request for review. Nor is there any evidence that the President was personally concerned with the outcome of Plaintiff's case such that his ability to effect a change in leadership at the head of the SSA would have affected the outcome of the matter.").